YVONNE T. RODRIGUEZ, Justice
Mesa Petroleum Partners, LP (Mesa), has filed a mandamus petition against the Honorable Mike Swanson, Judge of the 143rd District Court of Reeves County, Texas. Mesa requests that the Court direct Respondent to render a final judgment in cause number 15-04-20996-CVR, styled Mesa Petroleum Partners, LP v. Baytech LLP, J. Cleo Thompson and James Cleo Thompson, Jr., LP, and Delaware Basin Resources LLC. We conditionally grant mandamus relief and direct the trial court to render final judgment within thirty days.
FACTUAL SUMMARY
This original proceeding arises from a suit filed by Mesa against Baytech LLP, J. Cleo Thompson and James Cleo Thompson, Jr., LP (collectively JCT), and Delaware Basin Resources LLC (DBR). Mesa alleged in the pleadings that it entered into a Participation Agreement (PA) giving Mesa the right to a 15 percent ownership interest in an Area of Mutual Interest (AMI) known as the Red Bull located in Reeves and Pecos Counties. According to the pleadings, Mesa executed the PA and the Red Bull Joint Operating Agreement and paid its participation fee. Mesa's suit alleges that the operating company transferred Mesa's 15% interest to Baytech, and Baytech, in turn, transferred that interest to DBR. The suit stated claims for breach of contract, fraud, fraudulent concealment, breaches of fiduciary duties, tortious interference with contracts, conspiracy, conversion and trespass. The trial court granted summary judgment on all claims except for breach of contract, and the case proceeded to a jury trial which began on October 31, 2016. The court submitted the case to the jury on November 22, 2016, and the jury found Baytech and DBR liable for breach of the Participation Agreement, and found JCT liable for breach of the Joint Operating Agreement. The jury also found JCT guilty of gross negligence and willful misconduct. The jury awarded damages and attorney's fees to Mesa in *156 the total amount of approximately $145 million.
On December 16, 2016, Mesa filed its motion for judgment based on the jury's verdict, and it attached a proposed final judgment to the motion. JCT, Baytech, and DBR filed motions for judgment notwithstanding the verdict and responses to Mesa's motion for judgment. Mesa also filed responses to the JNOV motions. On February 27, 2017, the trial court conducted a hearing which lasted approximately five hours on all of the post-verdict motions, and it gave the parties additional time to submit post-hearing briefing. All post-hearing briefs and written objections were filed by March 28, 2017. There are two pending cases related to the underlying case: (1) Mesa Petroleum Partners, LP v. Oxy USA WTP LP , cause number P-11989-112-CV, pending in the 112th District Court of Pecos County, Texas; and (2) Mesa Petroleum Partners, LP v. Oxy USA WTP LP , cause number 16-08-21618-CVR, pending in the 143rd District Court of Reeves County, Texas. Mesa filed these suits against Oxy USA WTP (Oxy) to clear title to Mesa's Red Bull properties which Oxy purchased in 2013 and 2016 from DBR, JCT, and others. Over Mesa's objection, Respondent granted Oxy's request for a stay of all proceedings in the Reeves County case. The 112th District Court initially took Oxy's motion under advisement pending entry of judgment in the underlying case, but on October 18, 2017, that court denied Oxy's motion for a stay.
T. Boone Pickens is the principal of Mesa and he was a key witness in the underlying case. The mandamus petition relates that Mr. Pickens is eighty-nine years' of age and in declining health due to a series of strokes suffered at the end of trial and the subsequent months. In its letters to the trial court, Mesa has advised Respondent regarding Mr. Pickens' health concerns. It has been almost one year since the jury rendered its verdict, more than eight months since the post-trial motions hearing, and more than seven months since the parties submitted their briefs on the post-verdict motions, but the trial court has not yet rendered its judgment.
Failure to Render Judgment
In its sole issue, Mesa argues that it is entitled to mandamus relief because Respondent has failed to render judgment within a reasonable time after the trial on the merits was completed.
Mandamus Standard
Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. In re Reece , 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); In re Prudential Insurance Company of America , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator bears the burden of demonstrating it is entitled to mandamus relief. See In re Ford Motor Company , 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); Walker v. Packer , 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).
To obtain mandamus relief based on a trial court's failure to perform a ministerial duty, the relator must show that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform that act; and (3) refused to do so. See O'Connor v. First Court of Appeals , 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). The Rules of Civil Procedure require a court to render a judgment following a jury trial. TEX.R.CIV.P. 300, 301. Where no irreconcilable conflict exists in a jury's findings, the trial court has a ministerial duty to enter a judgment on the verdict.
*157 Traywick v. Goodrich , 364 S.W.2d 190, 191 (Tex. 1963). A trial court's failure to proceed to judgment within a reasonable time deprives the parties of an adequate remedy at law including the right to accept or appeal the judgment. Hunt Energy Corporation v. Pirtle , No. 07-96-0257-CV, 1996 WL 671398, at *2 (Tex.App.-Amarillo November 20, 1996, orig. proceeding) (not designated for publication). Consequently, mandamus relief is available if a trial court has failed to enter judgment within a reasonable time. See Texas State Board of Examiners in Optometry v. Carp, 388 S.W.2d 409, 417 (Tex. 1965) (writ of mandamus will issue to compel trial court to proceed to judgment); Kissam v. Williamson , 545 S.W.2d 265, 267 (Tex.Civ.App.-Tyler 1976, orig. proceeding) (compelling trial court to proceed to trial and judgment). What constitutes a reasonable time depends on the facts and circumstances of the particular case. In re Salazar , 134 S.W.3d 357, 358 (Tex.App.-Waco 2003, orig. proceeding).
Duty to Enter Judgment on the Jury's Verdict
The Real Parties in Interest do not assert, and the record does not indicate, that there is an irreconcilable conflict in the jury's findings. Consequently, the trial court has a ministerial duty to enter a judgment on the jury's verdict.
Mesa Asked Trial Court to Render Judgment
The next issue is whether the trial court was asked to render judgment. It is undisputed that Mesa filed a motion for entry of judgment on December 15, 2016, but JCT argues that the record provided by Mesa does not show that it "presented" its motion to the trial court for a ruling. The mandamus record did not initially include the reporter's record of the hearing conducted on that motion. After JCT filed its response, Mesa filed a supplemental record containing the transcription of that hearing, and it shows that the trial court conducted a five-hour hearing to address that motion as well as the post-verdict motions presented by the Real Parties in Interest. Further, Mesa has presented evidence showing that it has repeatedly asked the trial court to enter judgment since that hearing. Mesa sent a letter to the trial court on March 20, 2017, and attached a proposed final judgment which included changes from the original judgment Mesa had proposed. Mesa's letter set forth the changes in detail and explained that it made concessions in response to arguments made by the Real Parties in Interest at the February 27, 2017 hearing. Mesa both filed and emailed a letter to the trial court on June 15, 2017, requesting entry of a final judgment. Mesa again attached its proposed final judgment to this letter. On July 19, 2017, Mesa filed another letter with the trial court requesting entry of a final judgment. Based on this record, we conclude that Mesa has provided ample evidence showing it has asked the trial court to render judgment on the jury's verdict.
Refusal to Render Judgment in a Reasonable Time
The final question is whether the trial court has failed to render judgment within a reasonable time. As the Amarillo Court of Appeals has observed, "no bright-line demarcates the boundaries of a reasonable time period." In re Chavez , 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding) ; see In re Salazar , 134 S.W.3d at 358. The scope of this time period is dependent upon a myriad of criteria, including the serious and complexity of the pending motion, the court's actual knowledge of the motion, the length of time the motion has been pending, the *158 imminence of any trial setting, the court's overt refusal to act, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket. See In re First Mercury Insurance Company , No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex.App.-Corpus Christi-Edinburg, November 13, 2013, orig. proceeding) (mem. op.); In re Bright , No. 07-04-00426-CV, 2004 WL 2093380, at *2 (Tex.App.-Amarillo September 20, 2004, orig. proceeding) (mem. op.); In re Chavez , 62 S.W.3d at 229 ; see also Ho v. University of Texas at Arlington , 984 S.W.2d 672, 694-695 (Tex.App.-Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Each case must be determined based upon the totality of the facts and circumstances. Salazar , 134 S.W.3d at 358.
As noted above, Mesa has conclusively shown that the trial court is aware of Mesa's motion to enter judgment on the jury's verdict. JCT alleges that Mesa's motion to enter judgment has been under consideration for only five months if the time is calculated from March 28, 2017 when the parties completed filing their post-trial briefing to September 5, 2017 when Mesa filed its mandamus petition. This calculation fails to consider that the trial court still had not entered judgment by the date this case was submitted on the merits, October 26, 2017. By the time this opinion issues, it will have been almost one year since the jury rendered its verdict, more than eight months since the trial court conducted the hearing on Mesa's motion and the other post-verdict motions, and more than seven months since the parties submitted the post-verdict briefs. Mesa has also shown that it has repeatedly requested the trial court to enter the judgment without further delay. The trial court's failure to rule under these circumstances constitutes a refusal to rule.
The Real Parties in Interest argue that the trial court has not had a reasonable time to rule on the complicated issues presented by their post-verdict motions. In support of this argument, Baytech and DBR point out that the trial court is required to review a lengthy trial record consisting of approximately 4,000 pages, and they assert that the parties have inundated the court with over 1,000 pages of post-verdict motions, responses, and briefing. The length of the trial record and volume of post-verdict documents submitted by the parties are part of the circumstances we must consider in deciding what length of time is reasonable in this case. By the same token, we keep in mind that the trial court heard the evidence when it was presented at trial, the court ruled on the motions for directed verdict, and the parties have thoroughly briefed the sufficiency issues. This case certainly involves significant issues, but the record before us demonstrates that the evidentiary sufficiency issues raised in the JNOV motions are the same arguments raised in the motions for directed verdict presented during trial. Regarding the volume of documents submitted to the trial court, we note that the parties indeed filed post-verdict motions and responses consisting of several hundred pages, but these documents were filed before the February 28, 2017 hearing, and the trial court presumably reviewed them prior to the hearing. That does not mean that the issues do not require the trial court's time and attention, but the sufficiency issues are not entirely new as the trial court considered them during the jury trial and again during the February 28, 2017 hearing.
The Real Parties in Interest further argue that the trial court must resolve other complicated issues before it can render *159 judgment, such as whether the verdict awards a double recovery in Mesa's favor and whether there can be joint and several liability. The post-verdict briefing also addresses the award of attorney's fees. As observed by Mesa, these are the types of issues which trial courts are frequently called upon to resolve in rendering judgment, and the mandamus record shows that the parties have thoroughly argued and briefed their respective positions.
The Real Parties in Interest also suggest that Mesa is not entitled to mandamus relief because it failed to provide any evidence regarding the state of the trial court's docket. The state of the trial court's docket and the existence of other judicial and administrative matters requiring the trial court's attention are two of the factors which can be considered in deciding whether the trial court has failed to rule within a reasonable time. See Chavez , 62 S.W.3d at 229. We have not found any cases holding that the relator must present evidence pertaining to these factors in every case as a prerequisite to mandamus relief. Baytech and DBR have presented evidence related to the state of the trial court's docket.
Respondent is the judge of a multi-county district court. See TEX.GOV'T CODE ANN. § 24.244 (West 2004) (143rd District Court consists of Loving, Reeves, and Ward Counties). In analyzing the state of the trial court's docket, we are mindful that a portion of Respondent's time is necessarily spent traveling from one county to another. This can only add to the difficulty of managing the court's docket. We also recognize that courts have inherent authority to manage their dockets. Texas trial courts are required to "regularly and frequently set hearings and trials of pending matters" with preference being given to criminal actions, particularly where the defendant is in jail, election contests and suits, and orders for the protection of the family under Subtitle B, Title 4, of the Family Code. See TEX.GOV'T CODE ANN. § 23.101 (West Supp. 2017). At the request of Baytech and DBR, we have taken judicial notice of reports from the Office of Court Administration showing the state of the 143rd District Court's docket during the relevant time period. See Western Hills Harbor Owners Association v. Baker , 516 S.W.3d 215, 219 (Tex.App.-El Paso 2017, no pet.). These reports show that from November 1, 2016 through September 30, 2017, the 143rd District Court's combined docket consisted of 2,310 civil and criminal cases, including 754 criminal cases. Of the total number, the trial court disposed of 1,270 cases, including 456 criminal cases. These statistics show that Respondent is conscientious in the management of his docket and a portion of his time has been devoted to disposing of criminal cases pending in the 143rd District Court of Loving, Reeves, and Ward Counties. The fact that Respondent has been conscientious with respect to his court's docket does not preclude a determination that he has failed to render judgment within a reasonable time in this case.
Having considered all of the facts and circumstances, we conclude that more than eight months is a reasonable period of time in which to rule on the parties' post-verdict motions and render judgment in this case. Accordingly, we sustain the sole issue presented by Mesa and direct Respondent to render judgment within thirty days from the date of this opinion. We are confident Respondent will comply with this directive and the writ of mandamus will only issue if he fails to do so.