**Denied and Opinion Filed October 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01196-CV

## IN RE STACEY D. HOWARD, Relator

**Original Proceeding from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause No. 401-04354-2013**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this original proceeding, relator has filed a petition for writ of mandamus requesting the Court to compel the trial court to issue a final ruling on a civil trial. We deny relief.

Relator is serving a life sentence for capital murder. *See In re Howard*, No. 05-19-00410-CV, 2019 WL 2120692, at \*1 (Tex. App.—Dallas May 15, 2019, orig. proceeding). In 2013, relator filed suit against a former inmate for money allegedly owed to him. *Id*. The trial court dismissed and then reinstated the case, dismissed it again and was reversed by this Court, and then never set the case for trial. *Id*. On May 15, 2019, this Court conditionally granted relator mandamus relief and directed the trial court to issue rulings on relator's pretrial motions, arrange for relator to participate in the pretrial proceedings and the trial, and set the case for trial. *Id*. Subsequently, the trial court ruled on relator's pretrial motions and set the trial for July 17, 2019. In his current petition, relator informs the Court that the trial court conducted the trial on July 17, 2019, but has not yet issued a written ruling that relator may appeal.

Mandamus relief is appropriate only when a relator establishes (1) the trial court clearly abused its discretion and (2) that relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). The relator bears the burden to demonstrate the relator is entitled to mandamus relief. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding). The relator satisfies his or her burden by showing (1) the trial court had a non-discretionary legal duty to perform, (2) relator asked the trial court to perform the duty, and (3) it refused to do so. *Id*.

Once a trial court pronounces judgment, entering a written judgment is a non-discretionary, ministerial act. *See In re Nixon*, No. 05-15-00263-CV, 2015 WL 1346137, at *2 (Tex. App.—Dallas Mar. 25, 2015, orig. proceeding). However, the trial court must be afforded a reasonable time to perform its ministerial duty of entering a judgment. *See Mesa*, 538 S.W.3d at 157. The time period considered reasonable depends upon the facts and circumstances of each case. *Id*. Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id*. at 229.

In this case, only three months have elapsed since the trial. Moreover, relator does not contend, and provides no evidence, that he has brought the matter of entering a written judgment to the trial court's attention. We conclude that relator has not shown he is entitled to mandamus relief. *See Mesa*, 538 S.W.3d at 156–57; *Chavez*, 62 S.W.3d at 228–29. Accordingly, we deny relator's petition for writ of mandamus.

In the event relator requests the trial court to enter a written judgment and if the trial court fails or refuses to act upon relator's request after a reasonable time has transpired, relator may then file for mandamus relief.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

191196F.P05