

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
|  | § |  |
| IN RE: | § | No. 08-19-00208-CR |
|  | § |  |
| DAVID HARRIS, | § | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. | § | IN MANDAMUS |
|  | § |  |
|  | § |  |

## **O P I N I O N**

David Harris, pro se, has filed a mandamus action against Judge Angie Juarez Barill of the 346th District Court. Harris asserts that he filed a motion for judgment nunc pro tunc in Cause No. 20020D05384 and that the 346th District Court has failed to rule on that motion within a reasonable period of time. Because there is no evidence in the mandamus record showing that a motion for judgment nunc pro tunc is, in fact, currently pending in the trial court or that there has been an unreasonable delay in ruling on such a motion, we will deny mandamus relief.

## **BACKGROUND**

In 2004, Harris was convicted of one count of aggravated sexual assault of a child in Cause No. 20020D05384 in the 346th District Court. This Court affirmed his conviction on direct

appeal.[1] In his pro se mandamus petition, Harris alleges that the El Paso County Sheriff's Office placed a pretrial detainer on him on February 3, 2003, and that the detainer should have been lifted or dissolved after the sentence in his case was imposed on May 19, 2004. However, Harris alleges that he learned on or about January 1, 2018, that the 2003 detainer was still active, which allegedly affected his ability to participate in certain prison programs. He states that on April 17, 2019, he filed a motion for judgment nunc pro tunc in the 346th District Court in order to get the El Paso County Sheriff's Office detainer against him lifted. He further alleges that the trial court has not ruled on this motion.

## DISCUSSION

In his sole issue on mandamus review, Harris contends the trial court has violated its duty to rule on a pending motion within a reasonable period of time. We find that Harris has not shown he is entitled to mandamus relief on this ground.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *See In re Henry*, 525 S.W.3d 381, 382 (Tex.App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*. A trial court is not required to consider a motion that has not been called to its attention by proper means. *Id*.

Here, as in *In re Henry*, Harris has not met his burden of establishing entitlement to mandamus relief. Harris filed an initial mandamus petition with this Court, but the application

---

[1] In two appeals (one from the State and one from Harris), this Court affirmed the guilt-innocence portion of the conviction but reversed the jury's twenty-six years' sentence and remanded for imposition of a life sentence. *See State v. Harris*, No. 08-04-00139-CR, 2005 WL 1965319 (Tex.App.—El Paso Aug. 16, 2005, pet. ref'd)(State's appeal of illegal sentence); *Harris v. State*, No. 08-04-00143-CR, 2005 WL 2095265 (Tex.App.—El Paso Aug. 31, 2005, pet. ref'd)(Harris' appeal on factual insufficiency and evidentiary grounds).

was deficient. This Court filed the original application but sent a deficiency notice asking him to file an amended petition that complied with the requirements of Rule 52. Harris later filed an amended petition. However, the amended petition still does not contain a copy of "any other document showing the matter complained of" as required by TEX.R.APP.P. 52.3(k)(1)(A) (for example, a file-stamped copy of the motion, copies of his correspondence with the court, etc.).

Without supporting evidence in the mandamus appendix documenting the fact that he made a request to the trial court and brought the issue to the trial court's attention by proper means, the Court cannot grant mandamus relief in Harris' favor. *See In re Henry*, 525 S.W.3d at 382 (relator did not establish entitlement to mandamus relief where documents attached to petition for writ of mandamus were not file-stamped to show they had been submitted to the trial court; relator also failed to show by other means that his motion was presented to the trial court or how long the motion had been pending).

Additionally, even if Harris is correct and his motion has been pending since April, Harris cannot establish that the trial court failed to act within a reasonable period of time under these circumstances. No bright-line rule exists to assess reasonableness; what constitutes a reasonable time to rule on a motion depends on the facts and circumstances of the particular case. *In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 157 (Tex.App.—El Paso 2017, orig. proceeding). Factors we take into account in assessing the reasonableness of time for a pending motion include the seriousness and complexity of the pending motion, the court's actual knowledge of the motion, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket. *Id*. at 157-58. Again, based on the record before us, we cannot determine whether Harris has filed a motion

3

and called that motion to the trial court's attention.[2]  Furthermore, without knowing the specifics of Harris' alleged motion for a judgment nunc pro tunc, we cannot assess whether said motion was simple or complex, nor can we properly counterbalance the motion's complexity and the time it would take to resolve the motion against the competing demands of the trial court's docket at large. As such, Harris has not met his burden in establishing that the trial court failed to act on his motion within a reasonable period of time.

## CONCLUSION

Because there is insufficient evidence in the mandamus record to support a grant of relief, Harris' request for mandamus relief is denied.

GINA M. PALAFOX, Justice

November 22, 2019

Before Palafox, J., McClure, C.J. (Senior Judge), and Barajas, C.J. (Senior Judge)
McClure, C.J. (Senior Judge), sitting by assignment
Barajas, C.J. (Senior Judge), sitting by assignment

(Do Not Publish)

---

[2] Although we are limited to reviewing the mandamus record before us, we note as an aside that the publicly available records for the 346th District Court do not specifically show that Harris filed a motion on or about April 2019, though the online docket sheet for this trial cause number does show the court received letters during the summer and fall. See https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx?CaseID=5383252.

4