

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00402-CV
_____

IN RE DON SMITH, RELATOR

_____

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS
Arising out of Cause No. 11,300-B, *The State of Texas v. Don Smith*,
In the 181st District Court, in and for Randall County, Texas
_____

January 28, 2020

## DISSENTING OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Relator, Don Smith, appearing pro se, filed a petition asking this court to issue a writ of mandamus against Respondent, the Honorable John B. Board, judge of the 181st District Court of Randall County, compelling him to rule on a motion Relator filed on August 19, 2019, seeking to rescind the trial court's order to withdraw funds for court costs and fees. I respectfully dissent from the majority's decision to deny the petition.

This original proceeding arises out of a prior criminal proceeding, Cause Number 11,300-B, styled *The State of Texas v. Don Smith*, in the 181st District Court, in and for Randall County, Texas. In that proceeding, on November 3, 1997, the presiding judge, the Honorable Samuel C. Kiser, entered a judgment of conviction, sentencing Relator to

thirty-five years confinement and a fine of $2,500, for the offense of aggravated robbery. Twelve years later, a new presiding judge, the Honorable John B. Board, signed an *Amended Order to Withdraw Funds*, directing the Texas Department of Criminal Justice to withhold funds from the Inmate Trust Account of Relator for the payment of fines, fees, and costs of court. On August 19, 2019, Relator filed a *Motion to Rescind* that order, contending the trial court abused its discretion by ordering the collection of fees he contends were not statutorily collectable. With that motion, Relator submitted a proposed *Order Setting Hearing,* requesting the trial court to set the matter for hearing. Relator requested that the motion be brought to the attention of the trial court. When no hearing was set, Relator sent a second request for setting on October 4, 2019, again requesting that the matter be brought to the attention of the trial court. When a hearing was still not set, Relator filed his *Petition for Writ of Mandamus* on November 13, 2019*.* On November 15, 2019, the clerk of this court notified Judge Board, via e-mail, of the filing of the *Petition for Writ of Mandamus.*

To establish a right to mandamus relief, relator must establish that (1) the trial court had a legal duty to perform a non-discretionary act, (2) performance was demanded, and (3) the court refused to act. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Mesa Petro. Partners, LP*, 538 S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding). A trial court's failure to set a matter for hearing within a reasonable time deprives the parties of an adequate remedy at law including the right to accept or appeal the decision of the trial court. *See Hunt Energy Corporation v. Pirtle*, No. 07-96-00257-CV, 1996 Tex. App. LEXIS 5127, at *7 (Tex. App.—Amarillo Nov. 20, 1996, orig. proceeding) (directing trial judge to enter a judgment after a reasonable period of time).

What constitutes a reasonable period of time depends on the facts and circumstances of the particular case. *In re Mesa Petro. Partners, LP*, 538 S.W.3d at 157. As this court has previously said, "no bright-line demarcates the boundaries of a reasonable time period." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

A reasonable period is a matter to be determined based on myriad considerations, including the seriousness and complexity of the pending motion, the length of time the motion has been pending, the imminence of the action or proceeding the motion attempts to effect, the state of the trial court's docket, the existence of other judicial and administrative matters the trial court must address, and the trial court's inherent power to control its own docket. *In re Mesa Petro. Partners, LP*, 538 S.W.3d at 157-58.

Here, we are simply dealing with the process of setting a matter for a hearing—nothing "serious or complex." Nor is it a matter that would require the trial court to set aside time to judiciously consider and decide. It's merely a hearing date. Time is of the essence because the order sought to be affected requires a monthly deduction from Relator's Inmate Trust Account. Because his motion has to date been pending for more than five months,[1] I would find a reasonable period of time has expired. Without passing on the merits of his *Motion to Rescind*, I would conditionally grant mandamus relief and

---

[1] The majority posits that eighty-six days (from the filing of the motion and the request for a hearing date to the date of filing his petition for mandamus) does not transcend "the boundaries of a reasonable period." If not, then pray tell, what does? One hundred days? (No, we've already passed that date.) One hundred and twenty-five days? (No, that date has passed too.) One hundred and fifty days? (No, we've actually passed that line of demarcation as well.) I simply must reiterate—**it's a request for a setting**—how hard can that be? To my way of thinking, far more than a reasonable period of time has elapsed.

3

direct the trial court to immediately schedule a hearing at the earliest available time on its calendar. Because the majority does not do so, I respectfully dissent.


Patrick A. Pirtle
Justice