**DENIED and Opinion Filed February 14, 2020**



**In the**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01308-CV

### IN RE MICHAEL DEWAYNE RICKETT, Relator

**Original Proceeding from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-17-00604-2**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

This is relator's *third* writ of mandamus to compel the respondent to set a hearing on his February 17, 2017 application to determine heirship on his mother's estate. In the prior mandamus proceedings, appellate cause nos. 05-19-00019-CV and 05-19-00523-CV, the respondent set the case for hearing after which we denied the writ applications as moot. Relator now contends that there were no hearings and the respondent has disobeyed our orders. He requests mandamus relief to compel the trial court to set a hearing and sanctions and a contempt order for disobeying our "two previous orders." We deny relief.

The respondent filed a response on December 16, 2019,[1] stating that a telephonic hearing was scheduled for June 3, 2019. Two witnesses were subpoenaed and both appeared for the telephonic hearing. Relator, however, did not "appear" for the hearing because the prison notary necessary to swear him in as a witness had a family emergency. The hearing was rescheduled for

---

[1] By separate order, the Court directs the Clerk of the Court to transfer the response to the correct file.

June 28, 2019. Before that date, relator filed a motion to recuse the respondent. The necessary chain of events resulting from relator's motion to recuse respondent caused a lengthy delay in the proceedings. Relator testified by telephone during a November 12, 2019 recusal hearing, and the presiding administrative judge denied relator's recusal motion. The respondent rescheduled relator's hearing for February 10, 2020, stating that this was the earliest date respondent and counsel were available to conduct the hearing. Court documents filed with the Respondent's response support these explanations.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). It must track the quoted language exactly, according to cases that bind this Court. *See In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition is improperly certified and lacks any supporting record. *See* TEX. R. APP. P. 52.3(j), 52.3(k)(1)(A), 52.7(a)(1). Under our precedents, an improperly certified petition not backed with a record containing certified or sworn copies of material documents does not provide a basis for mandamus relief. *See Butler*, 270 S.W.3d at 758–59; *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (as party seeking relief, relator bears burden of providing sufficient mandamus record to establish right to mandamus relief).

In any event, relator has not persuaded us that he is entitled to mandamus relief on the merits. Mandamus relief is appropriate only when a relator establishes (1) the trial court clearly abused its discretion or failed to perform a ministerial duty and (2) that relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). The relator bears the burden to demonstrate the relator is entitled to mandamus relief. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding). The

relator meets this burden by showing (1) the trial court had a non-discretionary, ministerial, legal duty to perform, (2) relator asked the trial court to perform the duty, and (3) it refused to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding); *Mesa*, 538 S.W.3d at 156.

Even when the trial court has a duty to perform, it must be afforded a reasonable time to perform. *See Mesa*, 538 S.W.3d at 157. The time period considered reasonable depends upon the facts and circumstances of each case. *Id*. Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, the existence of more pressing judicial and administrative matters, and the trial court's inherent power to control its own docket. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *See id*. at 229.

In this case, the record shows the respondent has not disobeyed any order of this Court. To the contrary, the respondent appears to be working to accommodate relator with the obvious difficulties that his incarceration presents, and has reset his case for hearing again. Most of the recent delay in the case appears attributable to relator's unsuccessful effort to recuse respondent rather than to respondent's inaction. The non-recusal-related delay does not support mandamus relief. Under the circumstances presented as reflected on the record before us, we conclude relator has not shown he is entitled to mandamus relief. *Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 758–59. *Mesa*, 538 S.W.3d at 156.

We deny relator's petition for writ of mandamus.

191308F.P05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

–3–