

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-21-00053-CV |
| § | |
| IN RE: UPCURVE ENERGY PARTNERS, LLC, § | AN ORIGINAL PROCEEDING |
| § | IN MANDAMUS |
| Relator. § | |
| § | |
| § | |

**O P I N I O N**

Relator UpCurve Energy Partners, LLC ("UpCurve") filed a petition for writ of mandamus against the Honorable Mike Swanson, Judge of the 143rd District Court of Reeves County, Texas. UpCurve requests that the Court direct Judge Swanson to rule on the parties' cross-motions for summary judgment in cause number 19-09-23159-CVR, styled *Muench et al. v. UpCurve Energy Partners, LLC et al*.

We conditionally grant mandamus relief and direct the trial court to rule on the motions within thirty days.

**I. BACKGROUND**

This original proceeding arises out of a trespass to try title suit. The underlying lawsuit is a dispute over the ownership of an undivided one-half interest in a piece of real property. The

property was conveyed to the grantees by a quitclaim deed in 1981. In 2017, another instrument was recorded which attempted to "correct" the original deed by adding right-of-survivorship language.

The parties have entered into a joint stipulation confirming that the only disputed issues between them are (1) whether a right of survivorship exists among the grantees; and (2) whether the property was conveyed to the grantees as separate or community property. The parties appear to be in agreement that the case should be disposed by summary judgment.

All parties have filed cross-motions for summary judgment. The motions were all filed between March 16, 2020 and April 28, 2020. All of the summary-judgment motions were heard on May 22, 2020.

A ruling was requested during the hearing, and the court advised the parties to expect that they would "[c]ertainly have a ruling far in advance of the August [2020] trial setting." On June 23, 2020, UpCurve's counsel emailed the court administrator requesting the status of the ruling. The parties filed a subsequent joint request for rulings on November 19, 2020, and Relator's counsel sent a follow-up email to the court's administrator on December 9, 2020. The parties filed additional requests for rulings and proposed final summary judgments with the court on January 12, 2021. The trial court's administrator confirmed that all requests for rulings and proposed judgments had been submitted to the judge for review. On January 18, 2021, UpCurve's counsel again emailed the court administrator to inquire about the status of the court's ruling, and was again advised that the pending motions and proposed judgments would be brought to the court's attention.

It has now been nearly 14 months since the last summary-judgment motion was filed and over 13 months since the hearing, and the trial court has not yet ruled on any of the motions.

In its sole issue, UpCurve contends that it is entitled to mandamus relief because Respondent has failed to rule on the cross-motions for summary judgment within a reasonable time. The Real Parties in Interest have advised the Court by letter that they do not oppose the relief requested in UpCurve's mandamus petition.

## II. MANDAMUS STANDARD

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator bears the burden of demonstrating that it is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To obtain mandamus relief based on a trial court's failure to perform a ministerial duty, the relator must show that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform that act; and (3) refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Mandamus may issue when a trial court fails to rule upon a properly filed motion within a reasonable period of time. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding).

## III. DISCUSSION

### A. The trial court had a legal duty to rule on the summary-judgment motions.

The first question we must consider is whether the trial court had a ministerial duty to rule on the motions at issue.

Considering and ruling on a motion that is properly filed and before a trial court is a ministerial, non-discretionary act. *See Eli Lilly*, 829 S.W.2d at 158. The trial court must make a ruling on the motion within a reasonable amount of time. *In re Shredder Co.*, 225 S.W.3d at 679.

Consequently, the trial court had a ministerial duty to rule on the parties' summary-judgment motions within a reasonable amount of time.

**B. The trial court was asked to rule on the summary-judgment motions.**

The next question is whether the trial court was asked to rule on the summary-judgment motions. The record reflects that the parties requested a ruling at the hearing; that the trial court acknowledged the request and took the matter under advisement, stating that the parties could expect a ruling "well in advance of August [2020]"; and that the parties made multiple additional requests, via filed letters and emails, between June 23, 2020 and January 12, 2021. The trial court's administrator confirmed on several occasions that the requests had been brought to the court's attention.

Based on this record, we conclude that UpCurve has provided ample evidence showing that the trial court has been asked to rule on the summary-judgment motions.

**C. The trial court refused to rule on the motions within a reasonable time.**

The final question is whether the trial court has failed to rule on the motions within a reasonable time. *In re Shredder Co.*, 225 S.W.3d at 679. What constitutes a reasonable time depends on the facts and circumstances of the particular case, and "no bright-line demarcates the boundaries of a reasonable time period." *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding) (internal citations omitted). The scope of this time period is dependent upon a myriad of criteria, including the seriousness and complexity of the pending motion, the court's actual knowledge of the motion, the length of time the motion has

been pending, the imminence of any trial setting, the court's overt refusal to act, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket. *See In re Mesa Petroleum Partners*, 538 S.W.3d at 157-58 (citing cases). Each case must be determined based upon the totality of the facts and circumstances. *Id.* at 158.

As noted above, UpCurve has conclusively shown that the trial court is aware of the summary-judgment motions. By the time this opinion issues, it will have been nearly 14 months since the last summary-judgment motion was filed, and over 13 months since the hearing. UpCurve has also shown that the parties have repeatedly requested the trial court to rule without further delay.

The motions do not appear to involve complex issues that would justify such a delay in ruling. As noted above, the trial court has only been asked to resolve two questions of law—whether a right of survivorship exists, and whether the grantees' interests are separate or community property.

We note that Respondent is the judge of a multi-county district court. *See* TEX. GOV'T CODE ANN. § 24.244 (143rd District Court consists of Loving, Reeves, and Ward Counties). In analyzing the state of the trial court's docket, we are mindful that a portion of Respondent's time is necessarily spent traveling from one county to another. This can only add to the difficulty of managing the court's docket. We also recognize that courts have inherent authority to manage their dockets. Texas trial courts are required to "regularly and frequently set hearings and trials of pending matters" with preference being given to criminal actions, particularly where the defendant is in jail, election contests and suits, and orders for the protection of the family under Subtitle B, Title 4, of the Family Code. *See* TEX. GOV'T CODE ANN. § 23.101. At UpCurve's request, we have

5

taken judicial notice of reports from the Office of Court Administration showing the state of the 143rd District Court's docket from January 1, 2020, through February 28, 2021. *See In re Mesa Petroleum Partners*, 538 S.W.3d at 159. These reports show that Respondent is conscientious in the management of his docket and a portion of his time has been devoted to disposing of criminal cases pending in the 143rd District Court of Loving, Reeves, and Ward Counties. However, the fact that Respondent has been conscientious with respect to his court's docket does not preclude a determination that he has failed to rule within a reasonable time in this case.

We also note that the alleged delay falls within the time limiting in-court proceedings in the Texas court system due to the COVID-19 pandemic. However, there is no indication in the record before us that the pandemic has negatively impacted the trial court's ability to issue a ruling on the parties' motions in this case within a reasonable time. *See In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at \*7-8 (Tex. App.—Corpus Christi May 22, 2020, orig. proceeding) (mem. op.) (granting mandamus relief for failure to timely rule, noting that there was no indication the pandemic had prevented the trial court from ruling).

We find that the trial court's failure to rule under these circumstances constitutes a refusal to rule.

## IV. CONCLUSION

Having considered all of the facts and circumstances, we conclude that over 13 months after the hearing is a reasonable period of time in which to rule on the parties' cross-motions for summary judgment, and that the trial court abused its discretion by failing to rule on the motions within a reasonable period of time. Accordingly, we sustain the sole issue presented by UpCurve and direct Respondent to issue his rulings within thirty days from the date of this opinion. We are

6

confident Respondent will comply with this directive, and the writ of mandamus will only issue if he fails to do so.

GINA M. PALAFOX, Justice

June 29, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.