

# NUMBER 13-21-00311-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE GEORGE ANDREW DAY

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

On September 29, 2021, relator George Andrew Day, proceeding pro se, filed a petition for writ of mandamus seeking to compel the trial court to rule on relator's motion to compel an accounting in a probate proceeding.[2] We deny the petition for writ of mandamus without prejudice.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] Relator also requested that we waive his court costs and fees for this original proceeding. We grant relator's motion, and we waive the relator's court costs and fees.

# I.     STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). In addition to other requirements, the relator must include an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition); *id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

# II.     MINISTERIAL DUTY TO RULE ON A MOTION

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must

establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has failed to meet his burden to obtain relief.

In so ruling, we note that we requested and received a response to the petition for writ of mandamus from the real party in interest, Jack. R. Day, as independent administrator of the estate of Walter Andrew Day. The real party asserts that the trial court did not abuse its discretion by "refusing to rule on [r]elator's motion to compel accounting because [the real party] submitted an Affidavit in Lieu of Inventory, and no additional assets of the estate have been discovered following the filing of the Affidavit in Lieu of Inventory." The real party conflates the concept of an inventory with an accounting. *Compare* TEX. ESTATES CODE ANN. § 309.0563 (allowing an independent executor to file, under specified circumstances, an affidavit instead of an inventory, appraisement, and list of claims), *with id.* § 404.001 (delineating the remedy of accounting whereby "any person interested in the estate may demand an accounting from the independent executor"). More significantly, the merits of a pending motion, such as the motion at issue here, have little to no bearing on the trial court's ministerial duty to rule on a pending motion. Rather, put simply, the relator has not established, on this record, that the trial court has failed to comply with its ministerial duty to rule as delineated in this opinion.

Accordingly, we deny the petition for writ of mandamus without prejudice.

GINA M. BENAVIDES
Justice

Delivered and filed on the
29th day of October, 2021.

4