**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 4, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00864-CV

---

### IN RE KAREN J. AVERY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-02907**

---

## MEMORANDUM OPINION

On November 14, 2023, relator Karen J. Avery filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Angela Graves-Harrington, presiding judge of the 246th District Court of Harris County, to

render judgment in the underlying divorce case. We conditionally grant the petition.[1]

## BACKGROUND

The bench trial in the underlying divorce commenced on May 6, 2019, and concluded on December 11, 2019. At the conclusion of the trial, the trial court orally pronounced that the parties were divorced. On November 15, 2021, relator filed a motion to sign decree of divorce and proposed final decree of divorce. On that same day, relator also filed a community inventory and appraisement "based on evidence produced at trial, testimony of parties, testimony of fact witnesses." The next day, relator filed a notice of submission for December 6, 2021, of her motion to sign the divorce decree. Real party in interest filed a response opposing relator's motion, arguing that it would be improper for the trial court to sign the final divorce decree because the trial court had not made a final decision as to the characterization of the various community asserts. The submission date passed without a ruling.

On January 3, 2022, relator filed a motion for a status conference regarding the trial court' rendition in the matter. Shortly thereafter, relator filed a notice of remote hearing set for February 2, 2022. The parties appeared for the hearing on February 2, 2022, but were informed after docket call that the trial court could not hear relator's motion and the remote hearing on relator's motion was rescheduled for February 11, 2022. At the February 11, 2022 hearing, the trial court advised

---

[1] The court requested a response to the petition for writ of mandamus from the real party in interest by November 30, 2023. However, he did not file one.

the parties that it would have a rendition the following Monday. The trial court did not render judgment.

On March 8, 2022, relator filed another motion for status conference regarding rendition. Two days later, relator filed a notice of remote hearing on relator's motion for status conference set for April 6, 2022. At the hearing, the trial court told the parties that it would issue a rendition soon.

Relator filed a motion for a status conference on June 21, 2022, but no hearing was held. On December 5, 2022, relator filed another motion for a status conference. The trial court granted an in-person hearing for January 18, 2023. At that hearing, the trial court indicated that a rendition would be coming within a week. The trial court did not render a judgment. Thus, on March 22, 2023, relator filed her original petition for writ of mandamus, which this Court conditionally granted on July 11, 2023. *In re K.J.A.*, No. 14-23-00192-CV, 2023 WL 4446508 (Tex. App.—Houston [14th Dist.] July 11, 2023, orig. proceeding) (mem. op.) (per curiam).

On July 13, 2023, the trial court issued a rendition in the underlying matter and noticed entry for July 28, 2023. According to relator, the rendition failed to address the award of real property funds for the "Hockley property" sale proceeds. Additionally, relator maintained that she was awarded 75% of her attorney's fees to be paid by the real party in interest, but no dollar amount was specified. Thus, on July 26, 2023, relator filed a proposed final decree which conformed to the rendition issued on July 13, 2023. The following day, on July 27, 2023, relator filed a motion to divide property not divided and for clarification.

3

On July 28, 2023, at the hearing, the trial court held that the "Hockley property" was the separate property of relator, and entry was reset for October 6, 2023. On October 2, 2023, relator filed an amended final decree which included the previously undivided "Hockley property" based on the trial court's July 28, 2023 ruling.

On October 6, 2023, at the hearing, the trial court requested that relator's attorney's file a brief with certified documents admitted during the trial, confirming relator's separate property and attorney's fees. According to relator, the trial court indicated that upon receipt of the brief with the certified documents, the trial court would sign the decree. Relator filed the brief along with the certified documents on October 10, 2023. On October 25, 2023, relator filed a motion to sign final decree of divorce.

As of the time relator filed this, her second petition for writ of mandamus, the trial court had not rendered judgment.

## ANALYSIS

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).

A writ of mandamus will lie to compel a trial court to proceed to judgment within a reasonable time. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (citing *Tex. State Bd. of Examiners in Optometry v. Carp*, 388 S.W.2d 409, 417 (Tex. 1965)). While it is a basic premise that an appellate

court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this court is empowered to order a trial judge to exercise her discretion in some manner. *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding). However, while we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule on a particular matter. *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding).

The trial court has a reasonable time in which to render judgment. *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding). "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex.—El Paso 2006, orig. proceeding).

The bench trial concluded on December 11, 2019. Although relator filed multiple motions requesting that the trial court render judgment, it was only after this Court conditionally granted mandamus relief on July 11, 2023 that the trial court entered a rendition. However, as described above, the rendition was incomplete and required clarification. Over the last several months, relator filed a motion to divide property not divided and for clarification, an amended final decree, and briefing and certified documents requested by the trial court. Notwithstanding, the final decree of divorce remains unsigned. The trial court has

had a reasonable time to sign the final divorce decree. Therefore, the trial court has abused its discretion by not signing a final divorce decree.

A trial court's discretion extends to its decision on how to rule on a matter properly before it, and an appellate court then reviews the rulings produced by that judicial power in the normal appellate process. *In re Maasoumi*, No. 05–08–01074–CV, 2008 WL 4881328, at *3 (Tex. App.—Dallas Nov. 13, 2008, orig. proceeding) (mem. op.). The refusal to rule within a reasonable time frustrates that purpose and constitutes a denial of due course of law. *Id.* Thus, the failure to enter a judgment deprives a party of an adequate remedy at law, including the right to accept or appeal a judgment entered. *Black*, 640 S.W.3d at 897. We conclude relator does not have an adequate remedy by appeal. *See id.*

## CONCLUSION

Having determined that the trial court abused its discretion and relator does not have an adequate remedy by appeal, we conditionally grant relator's petition for writ of mandamus and direct the trial court to enter a final divorce decree. However, we do not instruct the trial court on how to rule on the divorce decree. We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.