COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| IN RE: | § | No. 08-24-00137-CV |
| HUDSPETH COUNTY, TEXAS, and The HUDSPETH COUNTY SHERIFF'S OFFICE, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relators. | § | |
| | § | |

## MEMORANDUM OPINION

Relators Hudspeth County, Texas, and the Hudspeth County Sheriff's Office ask us to direct the Honorable Francisco X. Dominguez, Judge of the 205th District Court, to rule on their pending plea to the jurisdiction. We conditionally grant mandamus relief and direct the trial court to rule on Relators' plea to the jurisdiction within 20 days from the date of this opinion.[1]

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023). A trial court clearly abuses its discretion when it refuses to rule on a pending motion within a reasonable amount of time. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). What constitutes a reasonable

---

[1] Real Parties in Interest were given an opportunity to respond to the petition but did not do so. Accordingly, we decide this matter based on the petition and the record.

amount of time depends on the circumstances of each case, but we may consider factors such as the complexity of the pending motion, the court's actual knowledge of it, the length of time the motion has been pending, the imminence of any trial setting, the court's overt refusal to act, and other matters concerning the state of the trial court's docket. *In re Hudspeth Cnty.*, No. 08-21-00169-CV, 2021 WL 5078823, at *3 (Tex. App.—El Paso Nov. 2, 2021, orig. proceeding) (mem. op.) (citing *In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 157–58 (Tex. App.—El Paso 2017, orig. proceeding)). To establish that the trial court abused its discretion in failing to rule on a pending motion, the relator must show that the trial court: (1) had a duty to perform a nondiscretionary act; (2) was asked to perform that act; and (3) failed to do so. *In re Shredder*, 225 S.W.3d at 679. Mandamus is proper to correct this abuse of discretion and compel the trial court to act. *See id.* (citing *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)).

After reviewing Relators' petition and accompanying record, we conclude Relators have established their entitlement to mandamus relief. The mandamus record demonstrates that Relators filed their plea on September 20, 2022, which triggered a legal duty for the trial court to rule on it within a reasonable timeframe. *In re Hudspeth Cnty.*, 2021 WL 5078823, at *3. The record also shows that the trial court held a hearing on the plea in April 2023. Relators established that after the hearing, they submitted four written requests to the trial court requesting a ruling on their plea. To date, the trial court has not provided a ruling.

In November 2021, we conditionally granted mandamus relief in this case when the trial court failed to rule on Relators' first plea to the jurisdiction after 14 months from the first hearing

2

and more than nine months after cancelling a second hearing on the plea.[2] *Id.* at \*4. Given the similarity in substance and procedural posture between this mandamus proceeding and that one, we conclude Relators have established that the trial court had a ministerial duty to rule on their pending motion but has failed to do so—that is, Relators have shown the trial court abused its discretion by failing to rule on their second plea to the jurisdiction. *Id.*; *see also In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 258 (Tex. App.—El Paso 2021, orig. proceeding) (conditionally granting mandamus relief when trial court failed to rule on parties' cross-motions for summary judgment for over 13 months); *In re Mesa Petroleum*, 538 S.W.3d at 159 (conditionally granting mandamus relief when trial court failed to rule on parties' post-verdict motions for over eight months).

Therefore, without addressing the merits of Relators' plea to the jurisdiction, we conditionally grant the petition for writ of mandamus and direct the trial court to issue a ruling on Relators' plea within 20 days of the date of this opinion. The writ will issue only if Respondent does not comply.

LISA J. SOTO, Justice

June 26, 2024

Before Alley, C.J., Palafox, Soto, JJ.

---

[2] Relators filed their second plea to the jurisdiction to address the Texas Tort Claims Act pleadings raised for the first time in the plaintiff's fourth amended petition. These claims were not addressed by Relators' previous plea. *See Hudspeth Cnty. v. Ramirez*, 657 S.W.3d 103, 111 (Tex. App.—El Paso 2022, no pet.).