

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-25-00143-CV |
| VICTOR GONZALEZ, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

**MEMORANDUM OPINION**

Relator Victor Gonzalez, proceeding *pro se*, filed a petition for a writ of mandamus against the Honorable Guadalupe Rivera, sitting by assignment in the 383rd Judicial District Court, alleging that the Respondent has not ruled on pending motions in cause number 2020DCM0806. The petition for writ of mandamus is denied.

"[M]andamus relief is appropriate only to correct a clear abuse of discretion or to compel performance of a ministerial duty, and where the relator has no adequate remedy by appeal." *In re Liverman*, 658 S.W.3d 881, 883 (Tex. App.—El Paso 2022, no pet.) (citing *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding)). "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *Id.* (citing *In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1–2 (Tex. App.—El Paso Nov. 22, 2019, orig. proceeding) (not designated for publication)). To be entitled to mandamus relief on a claim that a trial court has failed to rule, "[a] relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3)

1

failed or refused to rule on the motion within a reasonable time." *Id*; *see also In re Gomez*, No. 08-21-00035-CR, 2021 WL 2389647, at *1 (Tex. App.—El Paso June 11, 2021, no pet.) (mem. op., not designated for publication). A trial court is not required to consider a motion that has not been called to its attention by proper means. *In re Liverman*, 658 S.W.3d at 883.

"Factors we take into account in assessing the reasonableness of time for [ruling on] a pending motion include the seriousness and complexity of the pending motion, the court's actual knowledge of the motion, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket." *In re Molinar*, No. 08-20-00174-CV, 2020 WL 6557734, at *1 (Tex. App.—El Paso Nov. 9, 2020, no pet.) (mem. op., not designated for publication) *(*citing *In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding)).

Based on our review of the documents that Relator has provided, we conclude that he has failed to establish his entitlement to mandamus relief.

Accordingly, we deny the petition for writ of mandamus.


LISA J. SOTO, Justice

May 15, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

2