**Gregory Lynn LeCOURIAS II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–10–00181–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 2011.

Rehearing Overruled May 26, 2011.

Tyler Flood, Houston, for appellant.

Jessica Alane Caird, Houston, for state.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Gregory Lynn LeCourias II appeals his conviction for driving while intoxicated, claiming the trial court erred in denying his motion to suppress. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the misdemeanor offense of driving while intoxicated. Appellant filed a pre-trial motion to suppress, asserting the following: (1) insufficient evidence supports a finding that appellant operated a motor vehicle while intoxicated in the presence of an officer; (2) insufficient evidence supports a probable cause finding that appellant could have been arrested for public intoxication or that appellant committed the offense of public intoxication in an officer's presence; and (3) the officer's initial investigative detention was illegal. The trial court held a hearing on appellant's motion, at which the State stipulated that appellant was arrested without a warrant.

At the hearing, a witness testified that as he was driving, he observed a silver Jeep traveling in the opposite direction that crossed the roadway's center line and entered his lane. The witness claimed to have swerved to avoid hitting the Jeep and then turned to follow the vehicle. The witness observed the Jeep swerving within its own lane and driving at speeds well in excess of the posted speed limit. The witness believed the driver of the Jeep was intoxicated and notified authorities of his observations.

The witness, who identified himself by name to a 911 dispatcher, relayed his observations to the dispatcher as he continued to observe the Jeep maneuver erratically. The witness followed the Jeep and observed the vehicle twice nearly overturn as it rounded a bend in the road and then stop in the middle of an intersection at a four-way stop. The witness observed the vehicle eventually make a u-turn and park on the street in front of a home, where several men were congregated in the front yard. The witness observed the driver of the vehicle and a female passenger exit the parked Jeep. The driver held an orange plastic cup. The witness remained on the telephone with the dispatcher until officers arrived less than one minute later.

Officers arrived on the scene to investigate a possible intoxicated driver, as relayed by the dispatcher. An officer testified that he already was aware of the description of the Jeep, the license plate number, and the erratic manner in which the Jeep reportedly had been driven. Upon the officer's arrival, he observed a silver Jeep parked along the side of the roadway and several people standing next to the vehicle in front of the residence. The witness identified himself to the responding officers and identified appellant as the person who had been driving the Jeep. The officer observed appellant standing in the front yard and asked appellant to speak with officers; appellant obliged and walked out into the street.

The officer noticed appellant was holding a cup. The officer took the cup and detected the scent of alcohol inside. The officer also detected the odor of alcohol on appellant's breath and person. He also noted appellant's watery eyes, thick and slurred speech, and unsteadiness on his feet, all of which the officer considered as signs of intoxication. After administering three field-sobriety tests, in which appellant demonstrated a level of impairment by exhibiting six clues on an HGN test, six clues on a walk-and-turn test, and three clues on a one-legged-stand test, the officer arrested appellant for driving while intoxicated.

Appellant moved to suppress evidence of his arrest, claiming his arrest was not justified because (1) the State failed to show he committed the offense of operating a motor vehicle while intoxicated in the presence or view of an officer; (2) the State failed to produce sufficient evidence of probable cause to arrest him for public intoxication or that such an offense was

committed in an officer's presence or view; and (3) the State failed to prove that the officer's initial investigative detention was legal. The trial court denied the motion. Noting the witness's description of the events to the 911 dispatcher, which, in turn, had been relayed to arresting officers, and the witness's subsequent identification of appellant at the scene, the trial court found that the officer had probable cause to arrest appellant. When appellant argued that he did not raise the issue of probable cause, the State countered that appellant could have been arrested without a warrant under article 14.03 of the Texas Code of Criminal Procedure, pertaining to a warrantless arrest of a person found in a "suspicious place" upon a showing that the person was guilty of a breach of the peace. The trial court indicated that the offense of driving while intoxicated is considered a breach of the peace. Appellant entered a "guilty" plea. The trial court sentenced appellant to thirty days' confinement and imposed a fine.

In a single issue, appellant asserts the trial court erred in denying his motion to suppress. According to appellant, the State did not produce sufficient evidence to justify his warrantless arrest. As a result, appellant contends, all evidence of his illegal arrest should have been suppressed and the trial court erred in denying his motion to suppress this evidence.

### ANALYSIS

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App.2007). We give almost total deference to the trial court's determination of historical facts that depend on credibility and demeanor, but review de novo the trial court's application of the law to the facts as resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor. *See Guzman*, 955 S.W.2d at 89. In this particular case, whether the officers were justified in detaining appellant does not turn on demeanor and credibility; rather, the issue turns on the legal significance of the facts recounted by the witnesses. *See Derichsweiler v. State*, —— S.W.3d ——, ——, 2011 WL 255299 (Tex. Crim.App.2011). When, as in this case, there are no written findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and presume the trial court made implicit findings of fact in support of its ruling so long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex.Crim.App.2000). We view a trial court's ruling on a motion to suppress in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24. If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

### *Was the arresting officer justified in detaining appellant?*

■ Under the Fourth Amendment, an officer must have reasonable suspicion to justify a warrantless detention of a person. *Derichsweiler*, —— S.W.3d at ——, 2011 WL 255299. An officer has reasonable suspicion to detain a person if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead a reasonable person to conclude that the detainee is, has been, or soon will be, engaged in criminal activity. *Id.* In applying this objective standard, we disregard the arresting officer's

actual subjective intent, and, instead, we examine whether there was an objectively justifiable basis for the detention. *Id.* We consider whether, under the totality of the circumstances, an investigative detention was justified by circumstances that, when combined, reasonably suggest the imminence of criminal conduct even though each of the same circumstances, when taken in isolation, may seem innocuous. *See id.* As relevant in this case, when a citizen-informant has provided information, the only inquiry is whether the information provided from the informant, when viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot. *Id.* To justify an investigative detention the facts must support more than a mere hunch or good-faith intuition that criminal activity is afoot. *Id.* at ——.

■■■■ Appellant points to .evidence that the arresting officer did not witness appellant operating a motor vehicle at any point before the arrest. Reasonable suspicion to conduct an investigative detention of a person for driving while intoxicated may be supplied by information acquired from another person and need not arise from an officer's personal observations. *See id.* at ——; *Banda v. State,* 317 S.W.3d 903, 910 (Tex.App.-Houston [14th Dist.] 2010, no pet.). The detaining officer need not be aware of every fact that objectively supports a reasonable suspicion to detain. *Derichsweiler,* —— S.W.3d at ——, 2011 WL 255299. Cumulative information known to cooperating officers at the time of the stop is considered in determining whether reasonable suspicion exists. *Id.* As relevant in this case, a 911 police dispatcher is ordinarily regarded as a "cooperating officer" for making the reasonable-suspicion determination. *See id.* Moreover, information provided to police from an identifiable citizen-informant, who may be held to account for the accuracy and veracity of the report, may be regarded as reliable. *Id.*

Appellant asserts that the information the officer received from the roadway witness was not enough to generate reasonable suspicion that appellant had been driving while intoxicated. In focusing on the information known collectively to the arresting officer, we note that a witness had observed appellant's vehicle maneuver erratically on a public roadway and believed that the driver was intoxicated. The witness identified himself to the dispatcher and had followed appellant to the location where police made the arrest. The roadway witness noted that the driver had carried a plastic cup from the car, and the witness remained in contact with the dispatcher until the officer arrived at the scene shortly thereafter. *See Banda,* 317 S.W.3d at 910. This information adds significant weight to the other information the witness had provided to authorities. *See id.* When the officer spoke with appellant, the officer detected the odor of alcohol both inside the cup and on or about appellant's person and breath. When considering the totality of the circumstances, viewed objectively and in the aggregate, the information collectively known to the officer suggests the possibility that criminal activity was afoot. *See Derichsweiler,* —— S.W.3d at ——, 2011 WL 255299. Therefore, the officer was justified by reasonable suspicion to conduct an investigative detention of appellant. *See id.*

### Was the officer justified in arresting appellant without a warrant?

■■■ Once the officer spoke with appellant, the officer noted the odor of alcohol in the cup and that appellant displayed physical signs of intoxication. The officer conducted several field-sobriety tests, in

which appellant exhibited a number of clues that suggested to the officer that appellant was intoxicated. Appellant contends that because the officer did not observe him operating a motor vehicle, the officer was not justified in arresting him without a warrant.

■ Warrantless arrests are justified only in limited circumstances that are outlined primarily in Chapter 14 of the Texas Code of Criminal Procedure. *Swain v. State,* 181 S.W.3d 359, 366 (Tex.Crim.App. 2005). Article 14.03(a)(1) authorizes the warrantless arrest of a person found in a suspicious place and under circumstances that reasonably show the individual has committed a breach of the peace. Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West 2005); *see Banda,* 317 S.W.3d at 911–12. The offense of driving while intoxicated is a breach of the peace. *Miles v. State,* 241 S.W.3d 28, 42 (Tex.Crim.App. 2007). For a warrantless arrest to be justified under article 14.03(a)(1), the totality of the circumstances must show that (1) probable cause existed to show that the accused committed a crime and (2) the accused must be found in a suspicious place. *See Dyar v. State,* 125 S.W.3d 460, 468 (Tex.Crim.App.2003); *Banda,* 317 S.W.3d at 912.

■ Probable cause for a warrantless arrest exists when an officer possesses reasonably trustworthy[1] information sufficient to warrant a reasonable belief that an offense has been or is being committed. *Banda,* 317 S.W.3d at 911. We review de novo whether the totality of the circumstances surrounding the arrest support a finding that probable cause existed to justify appellant's warrantless arrest. *See id.* As discussed above, when armed with information provided by the roadway witness via the 911 dispatcher (that appellant drove erratically) and appellant's dismal performance during the field-sobriety tests, in which appellant exhibited signs of intoxication, the arresting officer had knowledge of sufficient facts to form the reasonable belief that appellant drove while intoxicated. *See id.*

■ Although few places are inherently suspicious, the "suspicious place" determination entails a fact-specific analysis. *See Dyar,* 125 S.W.3d at 464–65; *Banda,* 317 S.W.3d at 912. Any place may become a suspicious place when considering the following circumstances: an individual is at a particular location, accompanying circumstances raise a reasonable belief that the individual committed a crime, and exigent circumstances call for immediate action or detention by police. *See Banda,* 317 S.W.3d at 912. A key element in determining whether a site is a suspicious place is the time frame between the alleged offense and the apprehension of the suspect. *Dyar,* 125 S.W.3d at 464–65; *Banda,* 317 S.W.3d at 912.

In the case under review, the area in front of the home where appellant was arrested was a suspicious place because the officer reasonably could believe that, based on the surrounding circumstances, appellant drove while intoxicated and it was necessary to take prompt action to ascertain appellant's blood-alcohol level. *See Gallups v. State,* 151 S.W.3d 196, 201–02 (Tex.Crim.App.2004); *Banda,* 317 S.W.3d at 912. The record reflects that the arresting officer arrived on the scene less than one minute after appellant parked his vehicle in front of the home, a fact which also serves to support a finding that appellant was found in a suspicious place. *See Dyar,* 125 S.W.3d at 468; *Banda,* 317 S.W.3d at 912 (determining area in front of an accused's home was a suspi-

---

**1.** Appellant does not contest the reliability of the information given by the roadway witness.

cious place based, in part, on the fact that the arresting officer arrived within ten minutes of the accused's arrival at the home). The totality of circumstances demonstrate that the arresting officer had probable cause, appellant was in a suspicious place, and exigent circumstances necessitated the officer's immediate action. *See Banda,* 317 S.W.3d at 912. Therefore, appellant's warrantless arrest was justified under article 14.03(a)(1). *See* TEX.CODE CRIM. PROC. ANN. art. 14.03(a)(1); *Banda,* 317 S.W.3d at 912.

Because appellant's initial detention and warrantless arrest were justified, the trial court did not err in denying appellant's motion to suppress.[2] *See Banda,* 317 S.W.3d at 913. We overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed.

---

**2.** We need not consider appellant's argument that he was potentially subject to a warrant-

less arrest only for public intoxication.