**Affirmed and Memorandum Opinion filed October 4, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00927-CR

### NO. 14-10-00928-CR

## ANTHONY SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 1254147 and 1254164**

## MEMORANDUM OPINION

The State charged appellant Anthony Smith by indictment with the offenses of possessing less than one gram of cocaine (Cause No. 1254147) and evading detention (Cause No. 1254164). A jury found appellant guilty of both offenses and, upon appellant's plea of true to the enhancement paragraphs, assessed punishment at ten years' confinement. Appellant filed this joint appeal of both convictions. In a single issue, appellant urges the trial court erred "in denying Appellant's motion to suppress the evidence (drugs) seized from Appellant." Specifically, he urges that Deputy Murphy did

not articulate sufficient facts to support a reasonable suspicion that appellant was engaged in criminal activity and, thus, appellant's detention was illegal. We affirm.[1]

## BACKGROUND

Deputy Matthew Murphy testified that, during his March 5, 2010 street patrol, he observed two men on the side of the roadway in the 10300 block of Old Bammel North Houston Road. Deputy Murphy stated that he knows the location to be a high-crime area. It was approximately 4:45 p.m., and Deputy Murphy was approximately 100 feet from the men. He further observed one of the men approach appellant and make a "hand transaction." Deputy Murphy has observed "hand transactions" or a "cupping action" with hands extended similar to a handshake many times. Based upon his experience and training, Deputy Murphy knows the hand transactions are drug-related.

Deputy Murphy could not see what was passed between the men, but he believed they did pass something. He did not believe, from his experience and his observation, that the men were merely shaking hands. He was not certain that a drug transaction had occurred.

After making these observations, Deputy Murphy exited his vehicle, approached appellant, and asked him for some identification. Appellant stated he did not have any identification and ran away from the deputy's position. Deputy Murphy observed appellant "putting stuff into his mouth" as he ran. Deputy Murphy chased appellant and told him to stop several times. Another officer subsequently arrested appellant for evading detention, and a search incident to arrest uncovered less than one gram of cocaine in appellant's possession.

Appellant filed a motion to suppress all the State's evidence on the ground that Deputy Murphy did not articulate sufficient facts to support a reasonable suspicion that appellant was engaged in any criminal activity when Deputy Murphy attempted to detain

---

[1] Based upon our disposition, we need not address the State's contention that "[a]ny ruling on the motion to suppress would not resolve appellant's conviction for evading detention."

2

him. The trial court denied the motion. A jury convicted appellant of possessing less than one gram of cocaine and evading detention, then assessed an enhanced punishment of ten years' confinement and a $10,000 fine for each conviction. The trial court ordered that appellant serve each sentence concurrently. In this joint appeal of both convictions, appellant argues that the trial court erred in denying his motion to suppress.

## ANALYSIS

### A. Standard of Review

We review *de novo* whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. *Madden v.* State, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007). However, the trial court remains the exclusive fact-finder at a suppression hearing. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We give great deference to the trial court's findings of historical fact. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

In this case, the trial court did not make explicit findings of historical fact. We therefore review the evidence in a light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 328. In other words, we will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion. *Id.* We review *de novo* the trial court's application of the relevant Fourth Amendment standards. *Id.*

### B. Reasonable Suspicion

There are three categories of citizen-police interactions: (1) encounters, (2) investigative detentions, and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). It is undisputed in this case that Deputy Murphy's attempt to detain appellant was an investigative detention that must be supported under the Fourth Amendment by "reasonable suspicion founded on specific, articulable facts which, when

3

combined with rational inferences from those facts, would lead the officer to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *See Crain*, 315 S.W.3d at 49, 52. In applying this objective standard, we disregard Deputy Murphy's actual subjective intent and instead determine whether there was an objectively justifiable basis for the detention. *See LeCourias v. State*, 341 S.W.3d 483, 487–88 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We consider whether, based on the totality of the circumstances, an investigative detention was justified by combined circumstances that reasonably suggest the imminence of criminal conduct, even when each individual circumstance may seem innocuous in isolation. *Id*. at 488.

The level of criminal activity in an area is not, standing alone, sufficient to create reasonable suspicion; however, it is a factor to be considered in making a determination of reasonable suspicion. *See Scott v. State*, 549 S.W.2d 170, 172–73 (Tex. Crim. App. 1976); *Klare v. State*, 76 S.W.3d 68, 74–75 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd.). A court may also consider whether a defendant runs away from police officers when asked to identify himself. *See Neal v. State*, 256 S.W.3d 264, 281–82 (Tex. Crim. App. 2008); *Rue v. State*, 958 S.W.2d 915, 917–18 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Additionally, a court may consider whether the defendant, who is suspected of drug activity, appears to swallow something while walking away from officers. *See Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997).

As outlined above, Officer Murphy observed appellant engage in a hand transaction in a high-crime area. Then, Officer Murphy attempted to obtain identification from appellant, who fled, appeared to swallow something, and ignored Officer Murphy's instructions to stop. These facts support Officer Murphy's reasonable suspicion that appellant had been engaged in criminal activity, and the trial court properly denied appellant's motion to suppress.

4

We overrule appellant's only issue on appeal and affirm the judgments of the trial court.

/s/     Sharon McCally
          Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).