Robert Marvin TYLER, Appellant

v.

The STATE of Texas, Appellee

NO. 14–15–00213–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed February 25, 2016

Tyler Ashley Flood, Matthew DeLuca, Houston, TX, for Appellant.

Alan Curry, Houston, TX, for State.

## OPINION

Martha Hill Jamison, Justice

Appellant Robert Marvin Tyler appeals his conviction for driving while intoxicated. After trial began and the trial court denied his motion to suppress evidence, appellant changed his plea to guilty. The trial court then found appellant guilty and assessed his punishment at 180 days in jail, probated for 15 months, and a $700 fine. The trial court also certified appellant's right to appeal.

In a single issue, appellant contends that the trial court erred in denying his motion to suppress because the police officer who initiated the traffic stop leading to appellant's arrest lacked reasonable suspicion for the stop, as his only information was from an allegedly anonymous citizen informant. We affirm.

### Applicable Law [1]

 We review a trial court's ruling on a motion to suppress evidence under a

---

1. Although appellant filed a motion to dismiss on the same day that trial began, the trial court decided that the motion would be carried with the case. After trial began, appellant did not request a hearing on the motion or object to the admission of any evidence until during the testimony of the State's second witness, who was one of the police officers involved in the traffic stop. The trial court then conducted a brief hearing outside the presence of the jury, at which no new evidence was offered. Appellant argued in

bifurcated standard. *State v. Kerwick,* 393 S.W.3d 270, 273 (Tex.Crim.App.2013). The trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility are granted almost total deference when supported by the record. *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial court's ruling de novo. *Id.* Whether the facts known to the officer at the time of the detention amount to reasonable suspicion is a mixed question of fact and law that is reviewed de novo on appeal. *Id.* When, as in this case, the trial judge does not make formal findings of fact, we uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if those findings are supported by the record. *State v. Ross,* 32 S.W.3d 853, 855–56 (Tex.Crim. App.2000).

■ Under the Fourth Amendment, a warrantless detention of a person that amounts to less than a full custodial arrest must be justified by a reasonable suspicion. *Kerwick,* 393 S.W.3d at 273. "[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court,* 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004). Reasonable suspicion to detain a person exists if an officer has specific, articulable facts that, combined with rational inferences from those facts, would lead him or her to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity.

*Kerwick,* 393 S.W.3d at 273. These facts must show unusual activity, some evidence that connects the detainee to the unusual activity, and some indication that the unusual activity is related to crime, but the likelihood of criminal activity need not rise to the level required for probable cause to arrest. *Id.* at 273–74. The test for reasonable suspicion is an objective one that focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent. *Id.* at 274. A reasonable-suspicion determination must be based on the totality of the circumstances, and reasonable suspicion may exist even if the circumstances presented are as consistent with innocent activity as with criminal activity. *Id.*

■ The detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain; instead, the cumulative information known to cooperating officers at the time of the stop must be considered in determining whether reasonable suspicion exists. *Derichsweiler v. State,* 348 S.W.3d 906, 914 (Tex.Crim.App.2011). A police dispatcher is generally regarded as a cooperating officer for purposes of this analysis. *See id*; *LeCourias v. State,* 341 S.W.3d 483, 488 (Tex.App.–Houston [14th Dist.] 2011, no pet.).

### The Evidence

As mentioned, appellant did not request a hearing on his motion to suppress or object to the admission of any evidence until during the testimony of the State's second witness. However, because the only issue raised on appeal challenges the trial court's denial of the motion to suppress, we will confine our review of the

---

the hearing, as he does on appeal, that officers lacked a reasonable suspicion because they did not know the identity of the informant at the time of the stop. The trial court

denied the motion, and appellant then changed his plea to guilty. We will assume, for purposes of our discussion, that appellant properly preserved the issue raised on appeal.

record to evidence concerning what was known to officers at the time they stopped appellant's vehicle. The first witness called by the State, James Michael Poovey, a taxi driver on duty the night in question, August 27, 2013, testified that he called 911 that night to report an assault or fight in progress in a parking lot. He said that he told the dispatcher that he thought it was a male and a female fighting beside a "maroon-colored Ford" truck. He further reported that the man had his hands around the woman's neck and was choking her.[2] Poovey told the dispatcher that he might have to leave the scene if he got a call for taxi service. He testified, however, that when the two combative individuals entered the truck and began to drive away, police officers arrived in a patrol vehicle, followed the maroon truck, and turned their lights on. He did not see the actual stop because the vehicles went beyond his line of sight.

The State's second witness, Officer Clifford Goddard of the Humble Police Department, testified that on August 27, 2013, he responded to a report of "an assault occurring in [a] parking lot" of a particular establishment. He said that when he and another officer arrived at the parking lot, they observed a maroon pickup truck leaving the lot that matched the description given by the witness. The officers followed the truck and turned on their lights and sirens. The driver of the truck, appellant, pulled into another parking lot and stopped. When the prosecutor began to ask questions regarding the result of field sobriety tests administered on appellant, defense counsel objected and renewed his motion to suppress evidence obtained as a result of the stop.

2. There is some indication in Poovey's testimony that he subsequently learned that the

*Application of Law to Facts*

■ Appellant begins by asserting that although Poovey appeared and testified at trial, the information he provided to police prior to appellant's detention should be treated as coming from an anonymous source. We agree. There was no evidence before the trial court at the time of the ruling on the motion to suppress to indicate that Poovey had given police his name or other information sufficient to identify him. Poovey should therefore be treated as an anonymous citizen informant for purposes of determining whether officers had a reasonable suspicion supporting appellant's detention. *See, e.g., Martinez v. State,* 348 S.W.3d 919, 924–25 (Tex. Crim.App.2011) (treating citizen informant caller as anonymous for purposes of reasonable suspicion analysis where evidence did not show that the caller's identifying information was obtained prior to the stop); *Nacu v. State,* 373 S.W.3d 691, 694 (Tex.App.–San Antonio 2012, no pet.) (treating citizen informant as anonymous because she had not given officer her name prior to the officer's detaining of defendant).

■ An anonymous tip, even an anonymous 911 call, may provide reasonable suspicion supporting an investigative detention if it demonstrates "sufficient indicia of reliability." *See Navarette v. California,* —— U.S. ——, 134 S.Ct. 1683, 1688, 188 L.Ed.2d 680 (2014) (quoting *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). In *Navarette,* an anonymous 911 caller described a specific pickup truck that had just forced her off the road at a specific location. *Id.* at 1686–87. A short time later, a highway patrol officer observed a vehicle matching the description not far from the reported

two individuals he observed were both males.

location and initiated a traffic stop. *Id.* at 1687. The officer subsequently smelled marijuana and discovered 30 pounds of marijuana in the bed of the truck. *Id.* The United States Supreme Court held that the officer had reasonable suspicion to initiate a traffic stop of the truck based on the anonymous 911 caller's tip because the information provided "bore adequate indicia of reliability for the officer to credit the caller's account." *Id.* at 1688–89. In reaching this conclusion, the Court emphasized that the caller gave an explicit and detailed description of alleged dangerous driving that indicated she had observed the behavior firsthand. *Id.* at 1689. Further, the police were able to verify at least some of the caller's information when a short time after the call, an officer observed a truck matching the description near where the incident allegedly occurred. *Id.* Additionally, the Court concluded that the caller's use of the 911 emergency system added credence to her report as the 911 system includes features permitting the identification and tracing of callers as well as the recording of calls. *Id.* at 1689–90. Such features "provide some safeguards against making false reports with immunity." *Id.* The court also noted that the caller's report suggested that the criminal activity may still be ongoing, as she described reckless driving that may have been related to driving while intoxicated.

■ Here, Poovey's call illustrated many of the same indicia of reliability as did the informant's call in *Navarette*. Poovey provided a detailed eyewitness description of suspicious activity likely related to a crime, i.e., an assault or tight in progress in a parking lot between a man and a woman with the man at one point appearing to choke the woman.[3] Poovey additionally described the specific vehicle that the two combatants entered and provided the address of the parking lot. Police were able to confirm part of Poovey's report when they drove to the parking lot and observed a vehicle matching his description exiting the lot. Poovey's use of the 911 system additionally provides some indicia of reliability, as explained in *Navarette*. *See id.* We conclude that the relevant circumstances, taken together, justified the officer's reliance on the information reported in the 911 call. *Id.* at 1690. Even a reliable tip will justify an investigative stop only if it creates reasonable suspicion that "criminal activity may be afoot." *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). We must therefore determine whether Poovey's report created reasonable suspicion of an ongoing crime. Poovey reported more than a conclusory allegation of mischief: he reported specific assaultive conduct and an apparent attempted escape with the victim. These facts show unusual activity connected to appellant and some indication that the unusual activity was related to crime.

Under these circumstances, the trial court did not err in determining that reasonable suspicion existed to detain appellant based on specific, articulable facts that, combined with rational inferences from those facts, would lead officers to

---

**3.** That Poovey may have subsequently learned that the two combatants were both male does not change the information known by police at the time of the stop. *See State v. Mayorga*, 901 S.W.2d 943, 945 (Tex.Crim.App.1995); *Williams v. State*, 621 S.W.2d 613, 615 (Tex. Crim.App.1981); *see also Duronslett v. State*, No. 14–96–00562–CR, 1997 WL 576373, at *2 (Tex.App.–Houston [14th Dist.] Sept. 18, 1997, no pet.) (not designated for publication) ("A reasonable suspicion to justify an investigative detention must be based upon reasonable and articulable facts, even if such facts are ultimately shown to be inaccurate or false.").

reasonably conclude that the appellant was engaged in criminal activity. *See Kerwick*, 393 S.W.3d at 273; *see also Navarette*, 134 S.Ct. at 1688. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.