COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

§

§

§

§

IN RE: JESSIE GOMEZ,

Relator.

No. 08-21-00035-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS

## MEMORANDUM OPINION

Relator Jessie Gomez, a pro se inmate, has filed a petition for writ of mandamus against the Honorable Patricia Baca, Judge of the 346th District Court of El Paso County, Texas, for allegedly failing to timely act on Relator's motion for judgment nunc pro tunc. The writ is denied.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1-2 (Tex. App.—El Paso Nov. 22, 2019, orig. proceeding) (not designated for publication). To obtain mandamus relief on a failure to rule claim, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* A trial

court is not required to consider a motion that has not been called to its attention by proper means. *Id.*

Relator asserts that he filed his motion with the 346th District Court on January 21, 2021. He filed his petition seeking mandamus on February 25, 2021. No bright-line rule exists to assess reasonableness; what constitutes a reasonable time to rule on a motion depends on the facts and circumstances of the particular case. *In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding). Factors we take into account in assessing the reasonableness of time for a pending motion include the seriousness and complexity of the pending motion, the court's actual knowledge of the motion, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket. *Id.* at 157-58.

Relator has not established that he has called the trial court's attention to the motion or that the delay here is unreasonable. *See In re Johnston*, No. 06-11-00161-CR, 2011 WL 13248059, at *1 (Tex. App.—Texarkana Sept. 16, 2011, orig. proceeding) (mem. op., not designated for publication) (finding trial court had not had reasonable amount of time to rule on motions filed "barely one month" before mandamus petition). We also note that Relator's motion was filed during the COVID-19 pandemic, and the alleged delay falls within the time limiting in-court proceedings in the Texas court system. *See In re Sanchez*, No. 08-20-00126-CR, 2020 WL 5015446, at *1 (Tex. App.—El Paso Aug. 25, 2020, orig. proceeding) (mem. op., not designated for publication) (dealing with similar claim under similar circumstances); *In re Molinar*, No. 08-20-00174-CV, 2020 WL 6557734, at *1 (Tex. App.—El Paso Nov. 9. 2020, orig. proceeding) (mem. op.) (same). Relator also has not provided us with a record indicating that he had set his motion for submission or hearing before the trial court. *See In re Dong Sheng Huang*, 491 S.W.3d

2

383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (party seeking mandamus for failure to rule must demonstrate that motion was set for either submission or hearing).

After reviewing the mandamus petition,[1] we conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

GINA M. PALAFOX, Justice

June 11, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

---

[1] Relator did not file a mandamus record for our consideration.