

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,133-02

**EX PARTE MONICA MELISSA PATTERSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-0623-16-G(1) IN THE 370TH DISTRICT COURT
## FROM HIDALGO COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of capital murder, theft, misapplication of fiduciary property, and criminal attempt (theft), and sentenced to Life without parole, seventy-five years, 4 years, and 15 years imprisonment, respectively. The Thirteenth Court of Appeals affirmed her conviction. *Patterson v. State*, 606 S.W.3d 3 (Tex. App.—Corpus Christi 2020, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On May 11, 2022, this Court denied application number WR-91,133-02 without written order. However, Applicant filed an amended writ application in the county prior to this Court's action, although it was not received by this Court until afterwards. *See Ex parte Saenz*, 491 S.W.3d

819, 825 (Tex. Crim. App. 2016) ("[T]he plain language of Article 11.07 permits this Court's consideration of amended or supplemental claims filed by an applicant before final disposition of an application[.]").

Applicant contends that she is actually innocent, and that her trial counsel was ineffective. Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984)*; Ex parte Elizondo*, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Therefore, we now reconsider and withdraw our previous denial on our own motion, and remand this application to the trial court for further findings of fact and conclusions of law regarding Applicant's claims of actual innocence and ineffective assistance of counsel. Tex. R. App. P. 79.2(d).

The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also address Applicant's claim of actual innocence. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  JULY 27, 2022
Do not publish